UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

AARON GRAHAM,

   Petitioner

  v.

WARDEN OF FCI ALLENWOOD,

   Respondent.

No. 3:09-CV-885

(Judge Kosik)

## MEMORANDUM

Aaron Graham ("Graham" or "Petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) He is currently confined at the Federal Correctional Institution at Allenwood. Named as respondent is the Warden of FCI Allenwood. Graham filed his petition on May 11, 2009 and paid the requisite filing fee.

Previously, Graham filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 1, 2007 (07-CV-1402, Doc. 1), which we disposed of in our Memorandum and Order of October 25, 2007 (07-CV-1402, Doc. 10). In that petition, like this petition, Graham argues that he should receive federal credit for time served while in state custody.

Because the instant petition is a second or successive petition for which Graham has not received permission from the Court of Appeals for the Third Circuit to file, we must dismiss the petition.

### Background

On August 27, 2003, Graham was arrested by Howard County, Maryland law enforcement officers, who charged him with armed robbery, first-degree assault, and

FILED
SCRANTON

MAY 2 2 2009

MARY E. D'ANDREA, CLERK
Per_____
   DEPUTY CLERK

reckless endangerment.[1] Graham was held at the Howard County Detention Center. On October 1, 2003, the United States Marshals Service lodged a detainer with the Howard County Detention Center. Graham was charged with bank robbery in violation of federal law.

On June 25, 2004, Graham received a 366-day sentence for robbery in the Circuit Court of Baltimore County. Graham served in state custody from the date of his conviction, June 25, 2004, through the date of his release, September 11, 2004. Graham received credit for time served in state custody prior to his conviction from November 10, 2003 until June 25, 2004. For whatever reason, he did not receive state custody credit for the time he served in state custody from August 23, 2003 until November 9, 2003.

Shortly after Graham's release from state custody, Graham was taken into federal custody by the U.S. Marshals pursuant to the previously lodged detainer. Graham remained in federal custody, and on May 2, 2005, Graham was sentenced in the United States District Court for the District of Maryland to an eighty-month term of imprisonment. Graham received credit toward his federal sentence for the time he spent in state custody from August 27, 2003 through November 9, 2003 (for which he had not received state credit), and from September 12, 2004, through May 1, 2005, during which he was in federal custody awaiting his federal sentence. Graham's federal sentence commenced on May 2, 2005, the day on which he was sentenced.[2]

---

[1] The prosecution later filed an entry of nolle prosequi on November 6, 2003, for these charges.

[2] The commencement of a federal sentence is governed by 18 U.S.C. § 3585(a), which provides:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a) (2000). A federal sentence starts when the defendant is received by the Attorney General for the service of his sentence, United States v. Pungitore, 910

Graham filed his first petition under § 2241 on August 1, 2007, challenging the calculation of his federal sentence by the Bureau of Prisons. Specifically, he contended that he should receive credit for time served from August 27, 2003 through May 2, 2005. We issued an order that directed the respondent to show cause why Graham should not receive his requested relief. The respondent filed a response to that petition on September 18, 2007.

We denied Graham's petition because, for the time period at issue, Graham had either already received credit toward his federal sentence or he had received credit toward his state sentence. In our opinion dated October 25, 2007, we cited 18 U.S.C. § 3585(b),[3] which provides that a federal prisoner may only receive credit for prior time spent in custody if that time had not already been credited against another sentence. We also cited the cases of <u>United States v. Wilson</u>, 503 U.S. 329 (1992), <u>Rios v. Wiley</u>, 201 F.3d 257 (3d Cir. 2000), and <u>United States v. Labeille-Soto</u>, 163 F.3d 93 (2d Cir. 1998) to explain further the concept of double credit.

Graham appealed our memorandum and order, which was affirmed by the Court of Appeals for the Third Circuit in a per curiam opinion on March 11, 2008. The Third Circuit upheld our opinion for substantially the same reasons as were articulated in our opinion of October 25, 2007. In its opinion, the Third Circuit stated:

---

F.2d 1084, 1119 (3d Cir. 1990); <u>Chambers v. Holland</u>, 920 F. Supp. 618, 621 (M.D. Pa. 1996), and a federal sentence cannot start prior to the date on which it is imposed, <u>see</u> <u>United States v. Labeille-Soto</u>, 163 F.3d 93, 98 (2d Cir. 1998).

[3]A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

    (1)    as a result of the offense for which the sentence was imposed;
    (2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

-3-

> In brief, as explained by the District Court, Graham has already received credit towards his federal sentence for his prior custody from August 27, 2003 through November 9, 2003, and from September 12, 2004 through May 1, 2005. The remaining time period in question – November 10, 2003 through September 11, 2004 – was previously credited to the service of a state sentence and therefore its credit to his federal sentence would constitute an improper double credit. See 18 U.S.C. § 3585(b). See also Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000) (superseded by statute on other grounds).

Graham v. Hogsten, No. 07-4316 (Mar. 11, 2008) (per curiam, unpublished opinion) (footnote omitted).

In the instant petition, Graham argues that he "received no prior custody credit while [he] was in state custody of Maryland and [he] would like this time credited towards [his] federal sentence from Nov. 14, 2003 through Jun. 25, 2004." In support of his claim, he states that he received newly discovered evidence from the District Court of Maryland that will prove his claim. Such evidence is a commitment record, which Graham refers to as a docket sheet, from the Circuit Court of Maryland for Baltimore County presumably dated June 25, 2004. The commitment sheet states that Graham's sentence of one year and one day is to run "concurrent with any other outstanding or unserved sentence and begin to run on June 25, 2004." Graham did not include this commitment sheet in his previous attempt at habeas relief.

This petition differs from his petition of August 1, 2007 because the instant petition only requests credit for time served from November 14, 2003 through June 25, 2004 whereas the prior petition requested credit for time served from August 27, 2003, to May 2, 2005. Graham received state but not federal credit for the time served from November 14, 2003 through June 25, 2004. As we stated in our memorandum of October 25, 2007, giving Graham federal credit for this time period as well would constitute double credit, which is impermissible.

## Discussion

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), 28 U.S.C. § 2244(a) provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States *if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.*

28 U.S.C. § 2244(a) (2000) (emphasis added). A second or successive § 2241 habeas corpus petition may be dismissed by the district court under § 2244(a). See, e.g., Felker v. Turpin, 518 U.S. 651, 664 (1996); Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997).

Graham's instant petition falls within the purview of § 2244(a) because (1) he has petitioned for a writ of habeas corpus, and (2) the legality of his detention, specifically the application of time served to his federal sentence, has previously been determined by this court and the Third Circuit.

Furthermore, we note that Graham's inclusion of the commitment record does not change that his federal sentence has been calculated appropriately. According to the commitment record, his state sentence was to run concurrently with any other outstanding or unserved sentences. At the time that Graham served his state sentence, his federal sentence was not outstanding or unserved because it was not yet imposed.

Graham's petition for writ of habeas corpus must be dismissed because it is a second or successive petition under § 2244(a).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

AARON GRAHAM,

    Petitioner

v.

WARDEN OF FCI ALLENWOOD,

    Respondent.

No. 3:09-CV-885

(Judge Kosik)

## ORDER

NOW, THEREFORE, THIS 22nd DAY OF MAY, 2009, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED**;
2. The Clerk of Court is directed to **CLOSE** this case.

                                            Edwin M. Kosik
                                            United States District Judge

FILED
SCRANTON

MAY 2 2 2009

PER _____
DEPUTY CLERK