# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

AARON GRAHAM,

    Petitioner,

v.

WARDEN OF FCI ALLENWOOD,

    Respondent.

Case No. 3:09-CV-885

(Judge Kosik)

FILED
SCRANTON
JUN 12 2009

PER _____

## MEMORANDUM

Petitioner, Aaron Graham, an inmate confined at the Federal Correctional Institution at Allenwood, filed on June 2, 2009 (Doc. 6) a letter requesting that we reconsider our Order dated May 22, 2009 (Doc. 5).[1] Graham requests that we reconsider the dismissal of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Graham states that "[t]he reason why I am writing to you once again is because I received a letter from the U.S. District Court of Appeals for the 3rd Circuit in 601 Market St. directing me back to your court to address my issue and I did under 2241 Petition, case # 3:09-CV-885 and it was dismissed because according to the MEMORANDUM I didn't get permission from the Court of Appeals but I did. I am sending an attached copy from the Court of Appeals along with a 28 U.S.C. § 2244 AUTHORIZATION PETITION. Can you please assist me in this matter. Please reconsider my petition because on March 5th 2009 I asked for a notice of appeal."

As a point of clarification, Graham filed a Notice of Appeal (Doc. 10) on June 9, 2009, not on March 5, 2009 as he states.

---

[1] We vacated our Order dated May 22, 2009 and replaced it with the Order dated June 3, 2009 (Doc. 9). The replacement of the May 22 Order was to correct an error in our May 22 Order. Our June 3 Order is substantively the same as our May 22 Order.

A motion to reconsider is used to correct manifest errors of law or fact, or to present newly discovered precedent or evidence that, if discovered previously, might have affected the court's decision. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Ins. Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). A party seeking reconsideration must demonstrate at least one of the following grounds prior to the court's altering or amending a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was unavailable when the court entered judgment; and (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). The motion may not be used to reargue unsuccessful theories, or to argue new facts or issues that were not presented to the court in the context of the matter previously decided. See Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).

We find no merit to Graham's Motion for Reconsideration. We have already considered the merits of his case in his previous habeas corpus case (3:07-CV-1402) and have reviewed the Maryland case disposition record. We are confident that Graham's sentence has been calculated properly. As we noted in our letter to Graham (Doc. 8), we mistakenly suggested in our May 22, 2009 Order (Doc. 5) that Graham must seek permission from the Court of Appeals for the Third Circuit to file his habeas corpus petition, which we corrected in our Order dated June 3, 2009 (Doc. 9). Moreover, we find that the analysis set forth in our June 3, 2009 Memorandum and Order is sound. Therefore, we deny his Motion for Reconsideration.

AND NOW, this /2 day of June, 2009, IT IS HEREBY ORDERED THAT:

(1) Petitioner's Motion for Reconsideration (Doc. 6) is **DENIED**;

-2-

(2) The Order dated June 3, 2009 dismissing the Petition for Writ of Habeas Corpus and closing the case will stand.

_____
Edwin M. Kosik
United States District Judge